Woodrough & Hanchett Co., Respondent, vs. Witte, Garnishee, Appellant.

*January 11 — March 5, 1895.*

*Corporations: Attempted change of name: Voluntary assignment.*

Although an attempt to change the name of a corporation by amendment of its articles was ineffectual because such amendment was not recorded as required by sec. 1774, R. S., a voluntary assignment by the corporation under the new name for the benefit of its creditors was valid both at law and in equity.

Appeal from a judgment of the superior court of Milwaukee county: J. C. Ludwig, Judge. *Reversed.*

This is an action against the appellant as garnishee of the C. O. Schwartz Stove Company. The C. O. Schwartz Stove Company is a trading corporation. In March, 1892, its articles of association were amended, by vote of the stockholders, so as to change its name to the "Zimmerman-Syburg Company." The amendment was entered upon the record book of the corporation, but was not recorded in the office of the register of deeds nor filed in the office of the secretary of state. After the adoption of this amendment the corporation transacted business by the name Zimmerman-Syburg Company. In that name the plaintiff dealt with it, and the debt on which this action was founded was contracted by it in that name.

Afterwards the corporation made an assignment for the benefit of its creditors, by the name Zimmerman-Syburg Company, to the appellant, the garnishee. The plaintiff proved its claim against the assignee for the same debt upon which this action is founded. It did not then know that Zimmerman-Syburg Company was not its lawful name. The appellant, as such assignee, had so succeeded in reducing the assets of the corporation into money as that he had

a considerable sum of money in hand, ready for distribution among the corporate creditors.

The action is against the C. O. Schwartz Stove Company, defendant, and the assignee as garnishee. The trial court adjudged that the instrument purporting to be an assignment of the Zimmerman-Syburg Company to the appellant is not, either in law or equity, an assignment of the C. O. Schwartz Stove Company, and is a mere nullity. The court also adjudged that the assignee is liable to the plaintiff as garnishee of the C. O. Schwartz Stove Company. From this judgment the assignee appeals.

For the appellant there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas*, and oral argument by *J. G. Flanders*. To the point that the assignment was valid, even though the name used was not the true legal name of the corporation, they cited 4 Am. & Eng. Ency. of Law, 204; *Mich. Ins. Bank v. Eldred*, 143 U. S. 293. Even a will is good though made under an assumed name. Cassoday, Wills, §§ 105, 119.

For the respondent there was a brief by *Sylvester & Scheiber*, and oral argument by *F. Scheiber*.

NEWMAN, J. It is not questioned that by the failure to file and record the resolution which was adopted for the purpose of changing the name of the corporation the intended change miscarried. R. S. sec. 1774. The true name of the corporation still is, in law, the " C. O. Schwartz Stove Company." By that name it should sue and be sued. But it does not follow that the corporation was incapable of binding itself by its assignment by the name Zimmerman-Syburg Company. The integrity and validity of the assignment is in no respect questioned, except that it was made by a name other than the true legal name of the corporation.

It is well settled that a corporation, like a natural person,

can bind itself by a contract made by it under an assumed name which is not its true corporate name. The misnomer of the corporation in such a contract has the same effect as the misnomer of an individual in a similar case. The contract will be enforced against the corporation in its true name, whenever its identity with the party intended to be bound by the instrument is asserted in the pleading and made apparent in the proof. The identity of the corporation with the party intended to be bound may be established by the same methods of proof as in cases of natural persons. 4 Am. & Eng. Ency. of Law, 204, and cases cited in the notes; 23 Cent. Law J. 531, 534, 535, and cases cited.

So, clearly, the corporation is liable to the plaintiff in this action, although it contracted the debt under an assumed name. The identity of the corporation with the party which contracted the debt to the plaintiff is unquestioned. Equally unquestioned is it that the party which executed the assignment to the appellant was the C. O. Schwartz Stove Company, although the assignment was made in an assumed name. No distinction is observed between the two cases in this respect. If the C. O. Schwartz Stove Company would be bound by a transaction in the name of Zimmerman-Syburg Company in the one case, it would be bound in the other case as well. The question in the one case is the identity of the corporation with the party which contracted the debt. In the other case it is the identity of the corporation with the party who executed the assignment. In neither case is the corporation bound unless it is the identical party which incurred the debt or which made the assignment. In either case it is bound, if at all, because it is the identical party who incurred the debt or who made the assignment.

But it is urged by the respondent that the use of an assumed name was in legal effect an abandonment or dissolution of the corporation, and that from that time the stock-

holders are to be considered as partners. That theory would put the plaintiff out of court, for then his debt is against the partners and not against the defunct corporation, and the partners are not sued. But that theory equally establishes the validity of the assignment. It cannot be questioned that, as partners, they might use "Zimmerman-Syburg Company" as the firm name, or that an assignment of the partnership property under that name would be good. Clearly, the assignment is valid both at law and in equity.

*By the Court.*— The judgment of the superior court of Milwaukee county is reversed, and the cause is remanded with direction to enter judgment in favor of the garnishee.